**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

In Re:

|  |  |
|---|---|
| | Case No. 1:20-bk-01251 |
| DANIEL VALDEZ | Chapter 13 |
| | Honorable LaShonda A. Hunt |
| Debtor(s) | |

**NOTICE OF MOTION**

To:    Duke & Duke Management LLC d/b/a Trust Lending
        3 South Lincolnway
        North Aurora, Illinois 60542

PLEASE TAKE NOTICE that on April 17, 2020 at 10:15 AM, the undersigned will appear before the Honorable LaShonda A. Hunt at the Joliet City Hall, 150 West Jefferson Street, Joliet, Illinois 60432 and will then and there present **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** a copy of which is hereby served upon you. **A party who objects to this motion and wants it to be called must file a Notice of Objection no later than two (2) business days before the presentment date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion without a hearing before the date of presentment.**

*/s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com

## <u>CERTIFICATE OF SERVICE</u>

I, Joseph S. Davidson, an attorney, hereby certify that on March 19, 2020, **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** was filed with the Clerk of the Court of the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system.  I have mailed this document by United States Postal Service Certified Mail, postage prepaid to:

Duke & Duke Management LLC d/b/a Trust Lending
3 South Lincolnway
North Aurora, Illinois 60542

*/s/ Joseph S. Davidson*

**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

In Re:

|  |  |
|---|---|
|  | Case No. 1:20-bk-01251 |
| DANIEL VALDEZ | Chapter 13 |
|  | Honorable LaShonda A. Hunt |
| Debtor(s) |  |

**DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS
FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY**

DANIEL VALDEZ (the "Debtor"), through counsel, SULAIMAN LAW GROUP, LTD.,

pursuant to 11 U.S.C. § 362(k), moves for the imposition of sanctions against DUKE & DUKE

MANAGEMENT LLC D/B/A TRUST LENDING for the willful violation of the automatic stay.

In support thereof, Debtor states as follows:

1.      On June 22, 2019, Debtor signed a Consumer Installment Loan Agreement (the

"Agreement") with Trust Lending Group, LLC under which Debtor financed $1,442.65 at 98.55%

interest, for total payments to be made (pursuant to the payment schedule set forth in the

agreement) of $2,041.09.

2.      The payment schedule was:

|  | Date | Payment | Fees | Interest | Back Interest | Principal | Balance |
|---|---|---|---|---|---|---|---|
| 1 | 07/12/2019 | $135.57 | $0.00 | $78.26 | $0.00 | $57.31 | $1,385.34 |
| 2 | 07/26/2019 | $112.09 | $0.00 | $52.60 | $0.00 | $59.49 | $1,325.85 |
| 3 | 08/09/2019 | $112.09 | $0.00 | $50.35 | $0.00 | $61.74 | $1,264.11 |
| 4 | 08/23/2019 | $112.09 | $0.00 | $48.00 | $0.00 | $64.09 | $1,200.02 |
| 5 | 09/06/2019 | $112.09 | $0.00 | $45.57 | $0.00 | $66.52 | $1,133.50 |
| 6 | 09/20/2019 | $112.09 | $0.00 | $43.04 | $0.00 | $69.05 | $1,064.45 |
| 7 | 10/04/2019 | $112.09 | $0.00 | $40.42 | $0.00 | $71.67 | $992.78 |
| 8 | 10/18/2019 | $112.09 | $0.00 | $37.70 | $0.00 | $74.39 | $918.39 |
| 9 | 11/01/2019 | $112.09 | $0.00 | $34.87 | $0.00 | $77.22 | $841.17 |
| 10 | 11/15/2019 | $112.09 | $0.00 | $31.94 | $0.00 | $80.15 | $761.02 |
| 11 | 11/29/2019 | $112.09 | $0.00 | $28.90 | $0.00 | $83.19 | $677.83 |
| 12 | 12/13/2019 | $112.09 | $0.00 | $25.74 | $0.00 | $86.35 | $591.48 |
| 13 | 12/27/2019 | $112.09 | $0.00 | $22.46 | $0.00 | $89.63 | $501.85 |
| 14 | 01/10/2020 | $112.09 | $0.00 | $19.06 | $0.00 | $93.03 | $408.82 |

| 15 | 01/24/2020 | $112.09 | $0.00 | $15.52 | $0.00 | $96.57 | $312.25 |
| 16 | 02/07/2020 | $112.09 | $0.00 | $11.86 | $0.00 | $100.23 | $212.02 |
| 17 | 02/21/2020 | $112.09 | $0.00 | $8.05 | $0.00 | $104.04 | $107.98 |
| 18 | 03/06/2020 | $112.08 | $0.00 | $4.10 | $0.00 | $107.98 | $0.00 |
| Totals: | | $2,041.09 | $0.00 | $598.44 | $0.00 | $1,442.65 | |

3.　　　　On January 16, 2020, Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.  Doc. #1.

4.　　　　The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property.  For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors.  Creditors cannot demand repayment from debtors by mail, phone, or otherwise.  *See* 11 U.S.C. § 362 generally.

5.　　　　Simultaneously with the voluntary petition for relief, Debtor filed his Schedule E/F: Creditors Who Have Unsecured Claims.  *Id.* at 18-24.

6.　　　　Debtor's Schedule E/F listed "Duke & Duke Management."  *Id* at 19.

| 4.4 | **Duke and Duke Management** | Last 4 digits of account number _____ | | $683.00 |
| | Nonpriority Creditor's Name | | | |
| | 1015 W. North Ave. | When was the debt incurred? _____ | | |
| | Villa Park, IL 60181 | | | |
| | Number Street City State Zip Code | As of the date you file, the claim is: Check all that apply | | |
| | Who incurred the debt? Check one. | | | |
| | ■ Debtor 1 only | ☐ Contingent | | |
| | ☐ Debtor 2 only | ☐ Unliquidated | | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | | |
| | ☐ At least one of the debtors and another | Type of NONPRIORITY unsecured claim: | | |
| | ☐ Check if this claim is for a community debt | ☐ Student loans | | |
| | Is the claim subject to offset? | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | | |
| | ■ No | ☐ Debts to pension or profit-sharing plans, and other similar debts | | |
| | ☐ Yes | ■ Other. Specify  Loan | | |

7.　　　　On January 24, 2020, Trust Lending withdrew $112.09 from Debtor's checking account.

8.　　　　On February 3, 2020 at 12:53 PM, Debtor verbally provided Trust Lending with bankruptcy case information.

9.     Moreover, Debtor unsuccessfully requested that Trust Lending return $112.09

withdrawn from Debtor's account on January 24, 2020.

10.    On February 7, 2020, Trust Lending withdrew $112.09 from Debtor's account.

11.    On February 21, 2020, Trust Lending withdrew $112.09 from Debtor's account.

12.    Soon thereafter, Debtor called Debtor's bank to stop payment – incurring fees.

13.    Debtor also closed this account.

14.    The automatic stay prohibits all proceedings against a debtor following the filing

of a bankruptcy petition.  Legislative history reflects Congress' intent to provide broad protection

to debtors:

> The automatic stay is one of the fundamental debtor protections provided by the
> bankruptcy laws.  It gives the debtor a breathing spell from his creditors.  It stops
> all collection efforts, all harassment, and all foreclosure actions.  It permits the
> debtor to attempt a repayment or reorganization plan, or simply to be relieved of
> the financial pressures that drove him into bankruptcy.

H.R. Rep. No. 595, 95th Cong., 1st Sess. 340-42 (1977); S. Rep. No. 989, 95th Cong., 2nd Sess. 54-

55 (1978); reprinted in 1978 U.S.C.C.A.N. 5787, 5840, 6296-97.

15.    As set forth in section 362 of the Bankruptcy Code, the automatic stay reads, in

pertinent part, that:

> Except as provided in subsection (b) of this section, a petition filed under
> sections 301, 302, or 303 of this title … operates as a stay, applicable to all entities,
> of –
>
> (3)     any act to obtain possession of property of the estate or of property
>         from the estate or to exercise control over property of the estate;
>
> …
>
> (6)     any act to collect, assess, or recover a claim against the debtor that
>         arose before the commencement of the case under this title;
>
> …

11 U.S.C. § 362(a)(3), (6).

16.     Oral or written notice of a bankruptcy case filing is legally sufficient to convey knowledge of the automatic stay. *See In re Stewart*, 190 B.R. 846, 849-50 (Bankr. C.D. Ill. 1996); *In re Davis*, 74 B.R. 406, 411 (Bankr. N.D. Ohio 1987); *In re Forty-Five Fifty-Five*, 111 B.R. 920, 921 n.2 (Bankr. D. Mont. 1990).

17.     A stay violation is still a willful one if the actor misconstrues the scope of the automatic stay or its listed exceptions, because a specific intent to violate the stay is not necessary. *See In re Sharon*, 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999); *Expeditors Int'l v. Colortran, Inc.* (*In re Colortran, Inc.*), 210 B.R. 823, 826-27 (B.A.P. 9th Cir. 1997); *In re Winters*, 1995 U.S. Dist. LEXIS 10727, 1995 WL 453053, at \*6-\*7 (N.D. Ill. 1995); *In re Alberto*, 119 B.R. 985, 993 (Bankr. N.D. Ill. 1990); *In re Forty-Five Fifty-Five*, 111 B.R. at 922-23; *In re Sumpter*, 171 B.R. at 843; *In re Davis*, 74 B.R. at 410-11; *cf. In re Skeen*, 248 B.R. 312, 316-17 (Bankr. E.D. Tenn. 2000).

18.     What began as arguably a technical violation of the automatic stay, turned into a willful one because a creditor has an affirmative duty to remedy an automatic stay violation without court order when it learned of the existence of a debtor's bankruptcy case. *See Will v. Ford Motor Credit Co.*, (*In re Will*), 303 B.R. 357, 366 (Bankr. N.D. Ill. 2003); *see also Matter of Brown*, 210 B.R. 878, 881 (Bankr. S.D. Ga. 1997).

19.     The affirmative duty to fix the violation without unreasonable delay certainly exists when the payments were withdrawn post-petition and the bankruptcy-filing information is later relayed to the creditor. *See In re Skaggs*, 1996 WL 33406652, at \*2 (Bankr. C.D. Ill. 1996); *Matter of Brown*, 210 B.R.at 881; *In re Adams*, 94 B.R. 838, 851 (Bankr. E.D. Pa. 1989); *In re Belcher*, 189 B.R. 16, 17-18 (Bankr. S.D. Fla. 1995); *In re Shropshire*, 25 B.R. 128, 130 (Bankr. W.D.

Wash. 1982); *In re Shiko*, 21 B.R. 203, 204 (Bankr. M.D. Pa. 1982); *McLaughlin v. Fireman's Trust Mortgage Corp.* (*In re McLaughlin*), 96 B.R. 554, 559 (Bankr. E.D. Pa. 1989); *In re Miller*, 10 B.R. 778, 780 (Bankr. D. Md. 1981), *affirmed*, 22 B.R. 479 (D. Md. 1982); *cf. In re Shealy*, 90 B.R. 176, 179-80 (Bankr. W.D.N.C. 1988) (The court holds that "willfulness" can be established by inaction when it amounts to a reckless disregard of the § 362 stay); *In re Price*, 103 B.R. 989, 990-93 (Bankr. N.D. Ill. 1989), *affirmed*, 130 B.R. 259 (N.D. Ill. 1991), *affirmed and remanded*, 42 F.3d 1068 (7th Cir. 1994).

20.     On February 3, 2020, Debtor verbally informed Trust Lending of his bankruptcy case.

21.     Trust Lending's ***failure*** to return $224.18 withdrawn post-petition from January 24, 2020 and February 7, 2020 amounts to willful violation of the automatic stay.

22.     Trust Lending's ***knowing*** and ***malicious*** taking of $224.18 from Debtor on February 7, 2020 and February 21, 2020 amount to willful violation of the automatic stay.

23.     To date, Trust Lending ***has not*** returned $224.18 unlawfully withdrawn from Debtor's checking account post-petition.

24.     Section 362(k)(1) of the Bankruptcy Code provides in relevant part as follows: "[A]n individual injured by any willful violation of a stay provided by [Section 362(a)] … shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.  11 U.S.C. § 362(k).

WHEREFORE, Debtor requests the following relief:

1.     find that Trust Lending willfully violated the stay by failing to return $224.18 withdrawn post-petition to Debtor;

2.     find that Trust Lending willfully violated the stay by unlawfully withdrawing

$224.18 from Debtor's account on February 7, 2020 and February 21, 2020;

3.     award actual damages, including costs and attorneys' fees, and punitive damages;

and

4.     award of such other relief as this Court deems just and proper

Dated: March 19, 2020                                        Respectfully submitted,

**DANIEL VALDEZ**

By: */s/ Joseph S. Davidson*

Mohammed O. Badwan
Joseph S. Davidson
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
mbadwan@sulaimanlaw.com
jdavidson@sulaimanlaw.com